NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1092

CYBERSETTLE, INC.,

Plaintiff-Appellee,

v.

NATIONAL ARBITRATION FORUM, INC.,

Defendant-Appellant.

Daniel A. Ladow, Dreier LLP, of New York, New York, argued for plaintiff-appellee. With him on the brief was Albert L. Jacobs, Jr.

J. Thomas Vitt, Dorsey & Whitney LLP, of Minneapolis, Minnesota, argued for defendant-appellant. With him on the brief was Bart B. Torvik.

Appealed from: United States District Court for the District of New Jersey

Judge Mary L. Cooper

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1092

CYBERSETTLE, INC.,

Plaintiff-Appellee,

v.

NATIONAL ARBITRATION FORUM, INC.,

Defendant-Appellant.

_____

DECIDED:  July 24, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and BRYSON, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

In this patent infringement case, online dispute resolution company Cybersettle, Inc., sued National Arbitration Forum, Inc., ("NAF"), claiming that the operation of two of NAF's online dispute resolution systems infringed certain method claims of Cybersettle's U.S. Patent No. 6,330,551 B1 ("the '551 patent"). On cross-motions for summary judgment, the district court construed the asserted claims and entered summary judgment for Cybersettle, holding that NAF's systems performed the claimed methods. Because we hold that one aspect of the district court's claim construction was erroneous, we <u>vacate</u> the district court's judgment and <u>remand</u> for further proceedings.

I

The '551 patent is directed to a "computerized dispute resolution system and method." According to the patent, traditional dispute resolution methods such as courtroom trials and arbitration are too cumbersome and costly for use with certain disputes. '551 patent, col. 1, ll. 20–29; col. 5, ll. 1–5. The patent describes the goal of the claimed invention as providing a system "that creates the opportunity for parties to successfully settle their claims easily, effectively, and inexpensively." Id., col. 1, ll. 33–36. Rather than rely on in-person communication, the claimed invention automates dispute resolution through a computerized system that receives the parties' proposals (or "bids") for settling a claim, keeps the bids confidential, and determines whether, according to preset standards, the bids are close enough to result in settlement of the claim. Id., col. 1, ll. 39–41; col. 5, ll. 43–44.

A party may enter several bids, either over time or all at once; each bid is numbered by round (e.g., offer #1, offer #2). '551 patent, col. 4, ll. 48–50; col. 7, ll. 29–32; col. 11, ll. 38–41. By permitting a party to submit multiple rounds of bids at one time, the invention allows the user to avoid the need for repeated interactions with the dispute resolution system. As demands and offers are received, "the system instantly compares each demand to the settlement offer for each [r]ound" and determines if the offer and demand fall within a predetermined range of each other. Id., col. 8, ll. 44-45. If the values are close enough, the case is settled for an amount between the two values; if the values are not close enough, the claim is not settled. Id., col. 8, ll. 42–50. Regardless of whether a round results in settlement, "the system communicates to the parties the result of the comparison" after each round. Id., col. 9, ll. 49–51.

Cybersettle argues that the processes performed by two of NAF's online systems infringe claims 1, 2, 3, 6, and 27 of the '551 patent. Claim 1 is directed to a "computer executable method for dispute resolution" that includes the step of "receiving a plurality of demands from a first party for a claim" and the step of "receiving a plurality of settlement offers from a second party for the claim." Claim 1 also requires calculating the difference between each round's demand and offer, and determining whether the difference satisfies a predetermined settlement condition. If any pair of bids satisfies that condition, the computer transmits a "claim resolved" message to the parties; if not, the computer transmits a "claim not resolved" message. Claims 2, 3, and 6 all depend from claim 1; their additional limitations are not at issue here.

Claim 27 is an independent claim. It is directed to a dispute resolution method for settling a claim "in rounds." The method requires "testing a pair of non-equal values in one of at least two rounds" and, if the pair of bids meets the established settlement condition, calculating a settlement value for the claim.

Cybersettle alleges that two of NAF's systems infringed the asserted claims. The first, NAF's Automated Negotiation System 3 ("ANS 3"), permitted parties to submit one or more settlement offers or one or more demands, either over time or all at once. The system then compared the bids for each round to see if settlement resulted. If settlement resulted, no more bids were received; if settlement did not result, the system invited parties to enter more bids unless three rounds had already been completed. The second, NAF's Automated Negotiation System 1x ("ANS 1x"), received demands and offers one at a time and compared each pair of bids before allowing the parties to enter another demand and offer.

On cross-motions for summary judgment, NAF argued that its accused systems did not infringe the asserted claims because the claims require the receipt of multiple demands and multiple offers and also require the computer to receive those multiple rounds of bids before any comparison of the bids occurs. The district court disagreed, holding that the claimed methods do not require the receipt of multiple pairs of bids. Rather, the district court held that "claims 1, 2, 3, 6, and 27 . . . only require that the system be capable of multiple rounds." In the district court's view, a computer could perform the claimed methods, even if the computer received and tested only one pair of bids, as long as the computer allowed the parties to submit another pair of bids in the event the claim failed to settle in the first round.

The district court held that NAF's systems performed the claimed methods based on two factual findings: (1) NAF's systems were capable of receiving a second offer and a second demand if the first round of bids did not produce a settlement; and (2) each of NAF's systems processed at least one claim. The district court thus entered summary judgment in favor of Cybersettle on its infringement claim and later issued a permanent injunction. NAF now appeals.

II

Cybersettle argues that NAF's claim construction and infringement arguments are not properly before this court because NAF did not challenge the district court's decision on those issues in a timely notice of appeal. We disagree. NAF's December 7, 2006, notice of appeal designated the district court's entire order and judgment as the subject of the appeal. It stated, in pertinent part, that NAF "appeals to the United States Court of Appeals for the Federal Circuit from the Order & Judgment entered in this

action on November 9, 2006." The district court's November 9, 2006, order construed the claims and entered summary judgment of infringement. Those issues are therefore properly before the court.

Cybersettle's argument is based on the fact that after referring to the November 9, 2006, order, NAF's notice of appeal added, "and specifically that portion of the Order & Judgment relating to the entry of an Order for Permanent Injunction." Cybersettle argues that NAF's reference to the entry of a permanent injunction means that NAF had no dispute with any other aspect of the district court's order and judgment. That argument is entirely unpersuasive. NAF's reference to the injunction does not negate its reference to the district court's judgment as the subject of appeal, especially given the principle that "notices of appeal are to be liberally construed." Durr v. Nicholson, 400 F.3d 1375, 1380 (Fed. Cir. 2005) (citing Smith v. Barry, 502 U.S. 244, 248 (1992)). NAF appears to have included an explicit reference to the injunction simply because the injunctive aspect of the district court's judgment had not yet been finalized at the time the notice of appeal was filed.[1]

### III

NAF argues that the district court's claim construction is erroneous in two respects. First, NAF argues that the asserted claims must be understood to require the

---

[1]    Cybersettle relies on our decision in Durango Associates, Inc. v. Reflange, Inc., 912 F.2d 1423, 1425 (Fed. Cir. 1990), in which we held that a notice of appeal expressly confined to one of two patents in suit did not encompass the other patent in suit. The predicate of our Durango ruling is wholly absent here. NAF did not confine its notice to the propriety of injunctive relief, but instead designated the district court's final judgment for appeal and then added a statement specifically referring to the injunction. Durango thus provides no support for Cybersettle's argument.

receipt of two or more demands and two or more offers, not simply the capacity to receive multiple offers and demands. Second, NAF argues that the claimed methods are performed only if the comparison of offers and demands is carried out after the receipt of two or more pairs of bids. We agree with the first argument but disagree with the second.

A

The method of claim 1 includes the steps of "receiving a plurality of demands" and "receiving a plurality of settlement offers." '551 patent, col. 19, ll. 33, 35. Although Cybersettle's brief is unclear on the point, Cybersettle agreed at oral argument that the claim term "plurality" refers to two or more of something. That definition is consistent with the well understood meaning of the term "plurality" both in general and in patent parlance. Nonetheless, Cybersettle argues that the method of claim 1 does not require the receipt of multiple offers and demands, but instead is satisfied if the executing computer has the capacity to receive multiple offers and demands, even if only one demand and one offer are received before settling the dispute. The district court agreed with that claim construction, holding that claim 1 "contemplates a dispute resolution method that is capable of, but does not require, multiple rounds."

We do not agree with that aspect of the district court's claim construction. A patented method is a series of steps, each of which must be performed for infringement to occur. It is not enough that a claimed step be "capable" of being performed. See Ormco Corp. v. Align Tech., Inc., 463 F.3d 1299, 1311 (Fed. Cir. 2006) (rejecting an argument that a claim requiring the replacement of appliances can be performed if the appliances are merely "capable of" being replaced); NTP v. Research in Motion, Ltd.,

418 F.3d 1282, 1318 (Fed. Cir. 2005) ("[T]he use of a [claimed] process necessarily involves doing or performing each of the steps cited."). A party that does not perform a claimed step does not infringe a method claim merely because it is capable of doing so.

It is of course true that method steps may be contingent. If the condition for performing a contingent step is not satisfied, the performance recited by the step need not be carried out in order for the claimed method to be performed. But Cybersettle does not argue that the two "receiving" steps are contingent on some unspecified condition, and the "receiving" steps of claim 1 contain no conditional language.

To interpret claim 1 as Cybersettle suggests, we would have to interpret the phrases "receiving a plurality of demands" and "receiving a plurality of settlement offers" not to require receipt of pluralities of demands and offers. Instead, we would have to interpret the "receiving" steps as if they read "receiving one and, if necessary, a plurality" of demands and offers. There is no textual basis for such a dramatic alteration of the claim language, a serious shortcoming of Cybersettle's argument. See Hoganas AB v. Dresser Indus., Inc., 9 F.3d 948, 950 (Fed. Cir. 1993) ("It is improper for a court to [add limitations] . . . wholly apart from any need to interpret what the patentee meant by particular words or phrases in the claim." (quotation marks omitted)); see also Amgen, Inc. v. Hoechst Marion Roussel, Inc., 314 F.3d 1313, 1325 (Fed. Cir. 2003) ("The danger of improperly importing a limitation is even greater when the purported limitation is based upon a term not appearing in the claim."). Such a construction would amount to rewriting the claim.

Cybersettle argues that it would be illogical to interpret claim 1 restrictively, to require the submission of at least two bids and at least two offers, because it would

"require[] actions (submission of multiple bids and running a second round) which are completely unnecessary if there is a settlement in the first round." That restrictive construction of claim 1 is not illogical. Although that construction would cover the impractical embodiment to which Cybersettle refers, it would also cover the ordinary process of receiving a first pair of bids, determining that it fails the settlement condition, receiving a second pair of bids, and determining that the second pair of bids produces a settlement. Nor is the restrictive construction illogical on the ground that it excludes an embodiment that would be natural to include in a dispute resolution method—settlement and termination of the process after receipt of only a single pair of bids. Patents frequently contain claims to devices or methods whose scope includes fewer than all the embodiments that would routinely be used in practice.

Cybersettle also argues that interpreting claim 1 to require the receipt of multiple demands and offers would exclude a preferred embodiment of the invention and would therefore be an incorrect construction of that claim. It is true that the specification describes methods in which a dispute settles without the receipt of two offers and two demands. In one embodiment, even if the sponsor has submitted several settlement offers, the claim may settle when the claimant submits the first demand. '551 patent, col. 7, ll. 29–30; col. 8, ll. 41–42 (providing for the receipt of multiple offers and providing that a demand is "instantly compare[d]" to the offer for the given round). Further, figure 2 indicates that settlement may occur after just one offer and one demand have been received. Step 23 of that figure indicates that the depicted interaction applies to the claimant's first demand, stating that the system will recite the claimant's previous demand "if a previous demand has been made." Step 24 of that figure recites

comparing the demand and the stored offer for that round and, if they match, announcing a settlement. Figure 2 thus does not require either party to enter multiple bids before a dispute may settle.

Although Cybersettle's characterization of the specification is accurate, its argument based on the specification is flawed. That is because our interpretation of claim 1 does not exclude the discussed embodiments from the scope of the claimed invention, but only excludes those embodiments from the scope of that claim. Although claim 1 does not capture the discussed embodiments, other claims do. Claim 133, for example, covers a system that includes a "means for introducing to the processor . . . a series of demands . . . and a series of offers." '551 patent, col. 30, ll. 57–61. Because the system is claimed using "means for introducing" language, claim 133 merely requires that the system be capable of receiving two or more demands and offers, not that the system actually receive two or more demands and offers. Method claim 59 is similar in that regard. Claim 59 requires executing a program "for receiv[]ing values" representing a series of bids and "for sequentially comparing" the bids, but it does not require actual receipt of the bids after execution of the programs that can receive them. Id., col. 24, ll. 32–47. Thus, claim 59 also allows for the interaction depicted in figure 2. Accordingly, we reject Cybersettle's argument that construing claim 1 to require multiple offers and demands would impermissibly exclude preferred embodiments from the scope of the invention.

With respect to claim 27, we agree with NAF that the reference to testing bids "in one of at least two rounds" requires at least two rounds and therefore the receipt of two pairs of bids. According to the specification, a round is an opportunity to settle a claim

by comparing a settlement offer and a demand. '551 patent, col. 7, ll. 28–32; col. 7, ll. 65–67. Hence, performing two rounds requires receiving two demands and two settlement offers. Cybersettle takes the position that claim 27 does not require two rounds because the claim requires testing a pair of bids "in one of" at least two rounds. That reading, however, would render the "of at least two rounds" clause superfluous. If the "of at least two rounds" clause is to have any meaning, it must require that the entity executing the method perform a second round of settlement testing.

Importantly, the patentees added and relied on the "of at least two rounds" clause to overcome the examiner's initial rejection of claim 27 over a prior art reference. The cited reference disclosed the method of testing a demand and a settlement offer in one round and calculating a settlement value if a settlement test is satisfied. In response to the rejection, the patentees added the "of at least two rounds" qualifier, after which the examiner allowed the claim because he found no motivation to combine the prior art reference with "multiple rounds of negotiation." By adding that unconditional limitation, the patentees added a required step to the method claim, not merely a permitted step.

We reject Cybersettle's argument that our construction makes the "in one of" clause superfluous. That clause serves the purpose of specifying in how many rounds any one pair of values must be tested. Without that clause in the claim, the claim would direct the testing of a single pair of bids in two or more rounds, contravening the patentees' definition of each round as involving a distinct pair of bids.

In sum, independent claims 1 and 27 both require the receipt of at least two demands and at least two settlement offers. Although that modification of the district court's claim construction may have little effect on the ultimate outcome of this case,

that is a matter for the district court to determine on remand. In the course of their operation, the accused ANS 3 and ANS 1x systems would infringe (assuming all the other claim limitations were satisfied) only when they received multiple demands and multiple offers; proof that those systems were capable of receiving multiple demands and multiple offers is not proof that they ever performed the claimed methods.

B

In its second claim construction argument, NAF contends that the asserted claims should be construed to require the receipt of at least two demands and at least two offers before any pair of bids is compared and tested against the settlement criterion, and that the ANS 1x lacked that capacity. We disagree with that argument. Absent affirmative indication to the contrary, method steps need not be performed in the order in which they are recited. Interactive Gift Express, Inc. v. Compuserve, Inc., 256 F.3d 1323, 1343 (Fed. Cir. 2001). NAF argues that the structure of claim 1 requires the comparison and testing steps to be performed after the multiple pairs of bids are received because the comparison and testing steps "refer to the completed results" of the bid-receiving steps.

We agree with NAF that the comparison and testing steps logically cannot begin until an offer and a demand are received. But that does not mean that the "receiving" steps must be completed before the comparison and testing steps begin. To the contrary, the step of calculating the differences between demands and offers can occur concurrently with the receipt of multiple demands and offers. As each new pair of bids is received, the bids are compared.

Likewise, the testing step of "determining whether any of the differences fall within [the predetermined settlement range]" may occur concurrently with the receipt and comparison of the bids. Although that step refers to testing "differences" between the bids, we disagree with NAF that the use of the plural is inconsistent with a method in which the testing step occurs while the bid-receiving steps are ongoing. We also disagree with NAF that the use of the phrases "any of the differences" and "the differences" in the last two steps of claim 1 indicates that those steps cannot be performed concurrently with the receipt of multiple bid pairs. Thus, we see nothing in claim 1 that requires the comparison of offers and demands to begin only after at least two pairs of bids are received.

Nor does anything in the specification suggest such a requirement. NAF points to a sentence in the specification stating that "[t]he processing of the case data within the present invention begins when a person . . . enters into the central processing unit a series of rounds of offers . . . or[,] if the claimant, a series of rounds of demands." '551 patent, col. 9, ll. 22–27. In context, that statement is most reasonably read as stating that the comparison begins at the outset of the entry of a series of offers or demands, rather than that the comparison does not begin until the entire series is entered.

NAF also points to the Summary of the Invention, which describes the bid-receiving steps as occurring "in any order." '551 patent, col. 3, line 12. We agree with NAF that the quoted statement indicates an understanding that the remaining steps begin after the bid-receiving steps begin. But that description does not speak to whether the remaining steps may begin before the bid-receiving steps end. We find the Summary of the Invention to be of no help in answering that question.

NAF thus identifies nothing in the specification or the structure of claim 1 requiring that the comparison and testing steps of claim 1 must await completion of the bid-receiving steps. The same flaw undermines NAF's parallel argument regarding claim 27. We therefore hold that although the asserted claims require the comparison and testing of bids to await receipt of the first pair of bids, the comparison and testing steps need not await receipt of the second pair of bids.[2]

IV

In summary, we hold that claims 1, 2, 3, 6, and 27 of the '551 patent require the receipt of at least two demands and at least two settlement offers, and that the remaining steps of those claims may begin upon receipt of one demand and one settlement offer. Because the district court's claim construction did not require the receipt of multiple demands and multiple settlement offers, we vacate its judgment of infringement and remand for further proceedings under our modified claim construction.

---

[2] Cybersettle argues that NAF waived the claim construction arguments that we have addressed by not pressing them in district court. That contention is without merit. In its summary judgment papers, NAF argued that "claim 1 plainly requires that more than one demand and more than one offer be submitted," that "to interpret the claim otherwise would be to render meaningless the word 'plurality' used in the claim," that the method of claim 1 requires the receipt of "more than one demand (Claim 1a) and more than one offer (Claim 1b) before the calculations of any difference between any pair (Claim 1d)," that the process of claim 27 "requires the submission of at least two demands and two offers that can be compared," and that the two pairs of bids must be "entered at the start of the process" because otherwise "the parties could settle after only one round." Because NAF advanced the same claim construction below that it urges on appeal, it is entitled to make any "additional or new supporting arguments, based on evidence of record, for its claim construction." Interactive Gift Express, 256 F.3d at 1347.